CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 2 5 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| GEORGE LEE EVANS, | ) | CASE NO. 7:12CV00558 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| WALLENS RIDGE STATE PRISON, | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

George Lee Evans, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that discrimination prevented him from being admitted to a school program at Wallens Ridge State Prison and "gay" officers there made unwanted sexual advances toward him.[1] For the stated reasons, the court summarily dismisses the action.

Evans' complaint does not provide many factual details in support of his claims. In support of Claim 1, labeled as "Discrimination," Evans states that although he completed a request for enrollment as directed by the "school memo," he was not admitted. Yet, other inmates who arrived at months later were admitted to the program, "without even signing up [o]r meeting the criteria called for by the memo." In support of Claim 2, labeled as "Sexual harassment," Evans alleges that "the gay [correctional officers] are constantly making sexual gestures and trying to intimidate and making advances daily unwanted." Evans sues Wallens Ridge, seeking compensatory damages and costs.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights

---

[1] Evans is now incarcerated at Red Onion State Prison.

guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988).

The only defendant that Evans names in his § 1983 complaint is Wallens Ridge State Prison itself. It is well settled that a state cannot be sued under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). This rule also applies "governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." Id. at 70. Therefore, correctional centers, as entities operated by the Commonwealth, are not subject to suit under § 1983, and Evans' claims against Wallens Ridge must be dismissed, pursuant to § 1915A(b)(1).

In any event, Evans' allegations do not state any actionable claim under § 1983 against anyone. Evans fails to state a claim of discrimination, because he fails to show 1) that he was intentionally treated differently from others similarly situated or 2) that the difference in treatment was not rationally related to legitimate state interests. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Moss v. Clark, 886 F.2d 686, 690 (4th Cir.1989). Evans also has no constitutional claim based on officers' verbal comments and gestures alone. See Henslee v. Lewis, 153 Fed. App'x 179, 179 (4th Cir. 2005) (citing Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979).

For the reasons stated, the court dismisses Evans's complaint without prejudice, pursuant to § 1915A(b)(1), as legally frivolous. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 25th day of February, 2013.

/s/ James C. Turk
Senior United States District Judge